FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Mag. Case Number: **'07 MJ 2440** |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF |
| v. ) | Title 21, U.S.C., Sections 952 and 960 Importation of a Controlled Substance |
| Benjamin GARCIA-Montoya, ) Jorge VALENZUELA-Guzman, ) | |
| Defendants ) | |

The undersigned complaint being duly sworn states:

On or about October 11, 2007, within the Southern District of California, Benjamin GARCIA-Montoya and Jorge VALENZUELA-Guzman did knowingly and intentionally import approximately 11.90 kilograms of Cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SPECIAL AGENT
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 12 DAY OF October, 2007.

_____
MAGISTRATE JUDGE

PROBABLE CAUSE STATEMENT

I, Special Agent Derren Henderson, declare under penalty of perjury, the following is true and correct:

On October 11, 2007 at approximately 1750 hours, Benjamin GARCIA-Montoya and Jorge VALENZUELA-Guzman made entry into the United States via the San Ysidro, CA, Port of Entry from the Republic of Mexico. GARCIA was the driver and VALENZUELA was a passenger in a 2005 Chrysler Cirrus bearing Baja California license plates AHV 6169. A Canine Enforcement Officer (CEO) encountered the vehicle in the pre-primary inspection area and conducted an inspection. The canine alerted to the vehicle for the presence of a narcotic odor. Customs and Border Protection (CBP) Officers approached the vehicle and obtained two negative Customs Declarations from GARCIA. GARCIA told the CBP Officers that he had purchased the vehicle a month prior. During the inspection, the passenger, VALENZUELA repeatedly unbuckled his seatbelt despite being told numerous times by CBP Officers to leave it on. VALENZUELA looked around nervously and made glances back towards Mexico. While the vehicle remained in pre-primary, CBP Officers conducted a cursory examination of the vehicle which revealed wrapped packages in the front bumper. GARCIA and VALENZUELA were escorted into the security office and the vehicle was taken into the secondary inspection area.

In the secondary inspection area, CBP Officers inspected the vehicle and discovered nine wrapped packages in the front bumper. A random sample of one of the packages revealed a white powdery substance that tested positive for cocaine. A total of 9 packages were removed from the compartment, which had a weight of 11.9 kilograms.

U.S. Immigration and Customs Enforcement (ICE) Special Agents read GARCIA his Miranda Rights from a pre-printed card in the Spanish language. GARCIA stated that he understood his Rights and was willing to answer questions without the presence of an attorney. GARCIA stated that he knew nothing about the cocaine in the vehicle.

U.S. Immigration and Customs Enforcement (ICE) Special Agents read VALENZUELA his Miranda Rights from a pre-printed card in the Spanish language. VALENZUELA stated he understood his Rights and was willing to answer questions without the presence of an attorney. VALENZUELA also denied knowledge of the narcotics in the vehicle, stating that GARCIA was just giving him a ride from Mexicali, Mexico to buy some clothing in the United States. ICE Special Agents noticed that VALENZUELA had no wallet, no money or credit cards, and no personal items, having in his possession only his Border Crossing Card and phone numbers written on some paper. When ICE Special Agents questioned VALENZUELA about this, he stated that his wallet and money were stolen along with his vehicle in Sinaloa, Mexico. VALENZUELA further stated that his father was very wealthy, and when he found clothing that he wanted to buy in the United States, his father would wire him money.

GARCIA and VALENZUELA were arrested and transported to the Metropolitan Correctional Center, San Diego, CA.

Executed on October 11, 2007

_____
Special Agent,
U.S. ICE