FILED
07 OCT 29 PM 4:15
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: /s/ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07MJ2440-WMC |
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| BENJAMIN GARCIA-MONTOYA and JORGE VALENZUELA-GUZMAN, | |
| Defendants. | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), this Court conducted a detention hearing on October 18, 2007, to determine whether Benjamin Garcia-Montoya (hereinafter "Defendant Garcia-Montoya") and/or Jorge Valenzuela-Guzman (hereinafter "Defendant Valenzuela-Guzman") should be held in custody pending trial, on the grounds that they are a flight risk. Assistant U.S. Attorney James P. Melendres appeared on behalf of the United States. Attorney Anthony E. Colombo, Jr., appeared on behalf of Defendant Garcia-Montoya and attorney Jodi D. Thorp appeared on behalf of Defendant Valenzuela-Guzman.

Based on the evidence proffered by the United States and by Defendants, the Pretrial Services Report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendants as required.

I.

**FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offenses Charged (18 U.S.C.§ 3142(g)(1))</u>

1. Defendants are charged in Criminal Complaint No. 07MJ2440-WMC with the importation of approximately 11.9 kilograms of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 952 and 960.

2. If convicted of these charges, Defendants face a maximum sentence of life in prison pursuant to 21 U.S.C. § 960(b)(1)(B)(ii).

3. Because a maximum term of imprisonment of ten years or more for this offense is prescribed in 21 U.S.C. § 960(b)(1)(B)(ii), a presumption arises as set forth in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of Defendants as required.

B. <u>Weight of the Evidence Against Defendants (18 U.S.C.§ 3142(g)(2))</u>

1. On October 11, 2007, Defendants entered the United States from Mexico through the San Ysidro, California Port of Entry in a grey 2005 Chrysler Cirrus.

2. Defendant Garcia-Montoya was the driver of the vehicle and Defendant Valenzuela-Guzman was the passenger.

3. During an inspection of the vehicle, nine packages of cocaine were discovered concealed in the front bumper. These packages weighed approximately 11.9 kilograms.

C. <u>History and Characteristics of Defendants (18 U.S.C.§ 3142(g)(3))</u>

1. Defendants are citizens and residents of the Republic of Mexico.

2. Defendants have no identifiable family ties in the Southern District of California. Rather, Defendants' respective families reside in Mexico.

3. Defendants are not employed in the Southern District of California, and do not have any identifiable financial resources that would anchor them to this community.

4. Defendants do not have any other ties to the Southern District of California that

would anchor them to this community.

5. Defendants do not appear to have any prior criminal history or court appearances.

6. Defendants state that they use marijuana on a daily basis.

## II.

## REASONS FOR DETENTION

A. There is probable cause to believe that Defendants committed the offenses charged in Criminal Complaint No. 07MJ2440-WMC; namely, importation of approximately 11.9 kilograms of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 952 and 960.

B. Defendants will be motivated to flee to Mexico based on the maximum term of imprisonment for these offenses.

C. Defendants do not have ties to the United States, in general, or the Southern District of California, in particular, that would anchor them to this community.

D. Defendants' desire to retain their border crossing cards and associated rights is not enough to secure their appearance as required.

E. The Court finds, by a preponderance of evidence, that the Government has carried the burden of establishing that no condition or combination of conditions will reasonably assure the appearance of Defendants as required.

## III.

## ORDER

IT IS HEREBY ORDERED that Defendant Garcia-Montoya and Defendant Valenzuela-Guzman be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendants be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendants shall be afforded reasonable opportunity for private consultation with counsel.

1    While in custody, upon order of a court of the United States or upon the request of an
2  attorney for the United States, the person in charge of the correctional facility shall deliver
3  Defendants to the United States Marshal for the purpose of an appearance in connection with a
4  court proceeding or any other appearance stipulated to by defense and government counsel.
5
6    THIS ORDER IS ENTERED WITHOUT PREJUDICE.
7    IT IS SO ORDERED.
8
9
10  DATED: 10/29/07                              _____
11                                                THE HONORABLE WILLIAM McCURINE
                                                  United States Magistrate Judge
12
13  Prepared by:
14  s/James P. Melendres
15  JAMES P. Melendres
    Assistant U.S. Attorney
16
17  cc: Anthony E. Colombo, Jr., Esq.
        Jodi Thorpe, Esq.
18
19
20
21
22
23
24
25
26
27
28                                               4